UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FILO PROMOTIONS, INC.,

                Plaintiff,                            **COMPLAINT and Jury Demand**

- against -

BATHTUB GINS, INC.,

                Defendant                          **ECF case**
----------------------------------------------------------------X

Plaintiff, Filo Promotions, Inc. (hereinafter "Filo"), brings this complaint against Defendant BATHTUB GINS, INC. (herein after "BG") alleging upon information and belief as follows:

## NATURE OF THE CASE

Plaintiff's "Bathtub Gin" is a premier, well-appointed bar/lounge with a posh upscale atmosphere and a focus on high quality drinks, creative new sounds and a small plates menu with exceptional tapas located at W.19th Street and 9th Avenue in the Chelsea section of Manhattan.  Defendant's "The Bathtub Gin" is a basic bar featuring national bands from across the country located in Mooresville, North Carolina, advertised on Trip Advisor and other social media.   Informal efforts to persuade Defendant to stop using the marking having been unsuccessful, the Plaintiff seeks an injunction and money damages due to the infringement of its incontestable service mark BATHTUB GIN.

1

## PARTIES

1. Plaintiff, FILO PROMOTIONS, INC. (hereinafter referred to as "FILO"), is a corporation, duly organized and existing under the laws of the State of New York, with its principal place of business located in the Chelsea section of Manhattan.

2. Defendant BATHTUB GINS, INC. is a corporation duly organized and existing under the laws of the State of North Carolina, with a principal place of business located at 166 N Main Street, Mooresville, North Carolina 28115.

## JURISDICTION AND VENUE

3. There is jurisdiction over this Servicemark action pursuant to, 28 U.S.C. Section 1338(a) and 15 U.S.C. 1116(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is Plaintiff's principal place of business and a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.  Finally, the damage to Plaintiff and its intellectual property described herein occurred and continues to occur in this judicial district.

5. BG committed a tortious act outside the state causing injury inside the State.

6. BG derived and derives substantial revenue from New York residents and entities.

7. BG regularly solicits and solicited business from New York residents.

8. BG promotes itself through social media and interacts with New York residents.

9. BG is engaged in interstate commerce.

10. At all times relevant hereto, BG expected or should reasonably expect its actions to have consequences in New York.

11. BG derived and derives substantial revenue from interstate commerce.

## FACTS

12. On January 18, 2011, Plaintiff duly filed an application in the United States Patent and Mark Office ("USPTO") for the mark BATHTUB GIN.

13. BATHTUB GIN was registered to Plaintiff in both classes including for "cocktail lounges; restaurant and bar services" under USPTO Registration No. 85220208.  A copy is respectfully annexed as **Exhibit A**. (hereinafter "REGISTERED MARK")

14. The registered mark was deemed incontestable pursuant to §15 of the Lanham Act July 15, 2017.  A copy of the acknowledgement of incontestability is respectfully annexed as **Exhibit B**.

15. On or about November 4, 2016, Plaintiff sent a cease and desist letter to Defendant concerning Defendant's use of the registered mark, as Defendant was using the phrase "The Bathtub Gin" on the face page of its website and in other advertising. The facepage of the website showing one of the Defendant's uses is respectfully annexed as **Exhibit C**.

16. In an undated letter that came in an envelope, postmarked January 4, 2017, counsel for Defendant replied, arguing that it had priority of use in the mark. Counsel did not explain how that could be when BG did not start using the mark "in commerce" until several years after the Plaintiff's January 2011 mark application.

17. Plaintiff has priority of use in commerce in the registered mark.

18. On May 22, 2017, Plaintiff applied for incontestability in the registered mark.

19. Defendant did not oppose the application for incontestability.

20. The application for incontestability was granted by the USPTO in July of 2017.

21. Even after the registered mark was deemed incontestable, Defendant continues its refusal to stop using it.

22. The registered mark is used to identify a first class bar that contains classic decorative chairs and couches with exceptional service and quality of drinks. FILO employs first rate cocktail mixers and servers so that the customers' experience is nothing less than amazing.

23. Defendant's "The Bathtub Gin" is a basic bar with none of the same attention to quality and décor attended to by Plaintiff.

24. The relevant class of bar goers that are visiting North Carolina and see the advertisement for The Bathtub Gin, go there thinking incorrectly that they will experience a first rate saloon due to the goodwill in the brand built by the Plaintiff. When customers are disappointed due to the lower quality service and drinks they lose confidence in the brand. Also if customers come to believe that the Defendant is the actual owner of the brand this also will damage the Plaintiff's good will and reputation.

## **COUNT I TRADEMARK INFRINGMENT(Section 35 of the Lanham Act)**

25. Defendant is aware that it is in violation of trademark laws by using a word mark without permission of the rightful owner.

26. Defendant is using the registered mark on services that are identical and/or confusingly similar to the services identified by the registered mark.

27. Both Plaintiff and Defendant offer mixed alcoholic beverages to their customers in a bar that features live bands and performances.

28. There is a likelihood of confusion between the services identified by "The Bathtub Gin" used by Defendant and the services identified by the Plaintiff's registered mark.

29. There is actual confusion between the services identified by the Defendant's mark "The Bathtub Gin" and the services identified by the Plaintiff's registered mark.

30. Defendant is infringing in bad faith.

31. Under Section 33(b) of the Lanham Act, registration of an incontestable mark is conclusive evidence of the ownership of the mark, the validity of the mark and the exclusive right of the owner to use the mark in commerce.

32. BG' acts have caused and will continue to cause irreparable harm and injury to FILO in creating confusion as to sponsorship and loss of reputation that its original BATHTUB GIN lounge has earned.

33. BG is creating reverse confusion so that the relevant public will come to believe that the BATHTUB GIN mark is actually owned by Defendant.

34. There is likelihood of confusion of the source of the genuine BATHTUB GIN brand.

35. The activities of BG, complained of herein, constitute infringement of the FILO Servicemark in violation of Sections 35 and 43(a) of the Lanham Act.

36. BG did not search the USPTO website before commencing use in commerce of the registered mark.

37. BG did not search the internet before using BATHTUB GIN in commerce.

38. Upon information and belief, BG' actions have been willful, deliberate, and in bad faith.

39. BG' actions are likely to cause confusion among an appreciable number of ordinary prudent consumers as to the source, origin, sponsorship, approval or affiliation of BG's services and/or products with Plaintiff's services and/or products.

40. The activities of BG, complained of herein, constitute infringement of the BATHTUB GIN Mark in violation of Section 35 of the Lanham Act, 15 U.S.C. Section 1114(1).

## COUNT II TRADEMARK INFRINGMENT (Section 43(a))

41. Plaintiff repeates and reiterates paragraphs 1-40 above as though fully set forth at length herein.

42. BG's acts have caused and will continue to cause irreparable harm and injury to Plaintiff.

43. Section 43 (a) of the Lanham Act, 15 U.S.C. Section 1125(a) sets forth in pertinent part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

6

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

44. As a result of BG' conduct, the public has already believed and is likely to continue to believe that Plaintiff's services are in some way associated with, affiliated with and/or originating from BG.

45. Upon information and belief, BG has willfully infringed upon the registered mark.

46. BG' acts constitute false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of BG with Plaintiff, or as to the origin, sponsorship, or affiliation of Plaintiff's BATHTUB GIN services with BG.

47. BG' use of BATHTUB GIN is without the license or consent of Plaintiff.

48. BG' aforesaid acts constitute violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. Plaintiff has suffered, and continues to suffer, substantial and irreparable

7

injury as a result of BG' infringement of Plaintiff's mark and will continue to do so unless enjoined by this Court.

50. BG has engaged in acts of unfair competition, false designation of origin, and false description or representation in violation of § 43(a) of the Lanham act, 15 U.S.C. § 1125(a).

51. Upon information and belief, BG has intentionally engaged in acts of false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of BG with Plaintiff, or as to the origin, sponsorship, or affiliation of Plaintiff's BATHTUB GIN with BG.

52. BG has engaged in infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of the Plaintiff's BATHTUB GIN products.

53. Plaintiff has the right to control its reputation and BG's actions in linking the Plaintiff's BATHTUB GIN brand with BG's use of "THE BATHTUB GIN" tarnishes the senior user's reputation while unjustly enriching the junior user.

54. BG's services are inferior to what is offered under FILO's original and genuine BATHTUB GIN brand.

**WHEREFORE**, Plaintiff prays:

A. That this Court adjudge that BG has infringed Plaintiff's "BATHTUB GIN" mark, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).

B. That Plaintiff recover BG' profits and the damages arising from BG' acts

pursuant to 15 U.S.C. 1117(a) and 1125(a) along with costs and fees as allowed under 15 U.S.C. 1117 (a).

C.  That BG and all owners, officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, including but not limited to their distributors and retailers, be preliminarily and permanently enjoined and restrained from (1) reproducing, copying, displaying, the word mark BATHTUB GIN or any mark similar to, or substantially indistinguishable therefrom, and (2) advertising, promoting, importing, selling, marketing, offering for sale or otherwise distributing their infringing products in connection with the word mark BATHTUB GIN or any mark similar to, or substantially indistinguishable therefrom, and (3) holding themselves out as, or otherwise representing themselves to be, the owners of, or otherwise authorized to use, the BATHTUB GIN marks or (4) from in any other way infringing the BATHTUB GIN marks or (5) effecting assignments or transfers, forming new entities or associations or utilizing any other means or devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in numbers (1) through (4) hereof.

D.  That BG be directed to file with this Court and to serve upon Plaintiff within three (3) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraph C, pursuant to 15 U.S.C. 1116.

E.  That Plaintiff recover BG's revenue for the years 2011 to date, less allowable deductions, and that such recovery be trebled pursuant to the Lanham Act.

F.  That Plaintiff recover $500,000 in Statutory Damages.

## **JURY DEMAND**

Plaintiff respectfully requests a trial by jury as to all issues.

Dated: New York, New York
       December 31, 2017

                                            Respectfully submitted,

                                            **THE BOSTANY LAW FIRM, PLLC**

                                            <u>s/ John P. Bostany</u>
                                            By:    John P. Bostany
                                            Attorneys for Plaintiff
                                            3 World Financial Center, 24th Floor
                                            New York, New York 10281
                                            (212) 530-4400